# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JEROME WEATHINGTON                                                                    PLAINTIFF

V.                                                                             NO. 4:17CV20-DAS

DONOVAN CLARK, ET AL.                                                               DEFENDANTS

## OPINION AND ORDER

On March 1, 2018, Jerome Weathington, a federal inmate currently housed at the Mississippi State Penitentiary ("MSP"), appeared before the Court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed this lawsuit.

### I. Plaintiff's Allegations & Parties to Suit

On August 12, 2015, Weathington was housed in Unit 29G at the Mississippi State Penitentiary ("MSP") under protective custody. According to Weathington, he and his cellmate had been arguing in the days prior, and Weathington wanted to move cells to avoid any physical conflict. When Weathington left his cell to take a shower that day, he asked Officer Donovan Clark if it would be possible to speak with his case manager, Jacqanna L. Robinson. Clark denied the request and ordered Weathington back into his cell. Weathington refused to enter his cell. Weathington claims that Clark then left the unit and returned with four additional officers:

Jonathan Brewer, Jeremy Page, and John Does #1 and #2. At this time, there was a female correctional officer, John Doe #3, controlling the doors in the tower unit.

The officers attempted to handcuff Weathington, and he refused, again demanding to speak to Ms. Robinson. According to Weathington, he was then sprayed in the face with mace by either John Doe #1 or John Doe #2. Weathington ran. He claims that the officers who had entered the unit moments earlier — Clark, Brewer, Page, John Doe #1, and John Doe #2 — caught him, knocked him to the ground, and began to beat him with their fists, boots, and radios. Weathington asserts that he passed out, but that before he lost consciousness, he heard Ms. Robinson tell the officers that Weathington was a federal inmate and that they would get into trouble. Weathington claims that he was handcuffed at some point while he was unconscious, and that he remembers being pushed through the doors of the unit and falling, face-first, onto the ground outside.

Weathington states that he was then placed in a transport van and driven to the Unit 42 hospital. He claims that he was slapped by either Page or Clark and was again rendered unconscious. He asserts that he received stiches to the back of his head and above his left eye at the hospital, and that he returned to his housing unit with a sore wrist and a swollen face. Weathington contends that when he got out of the van upon his return to his housing unit, John Doe #4, the transport van officer, hit him in the stomach.

Weathington maintains that sometime between August 13 and August 26, 2015, Clark came by Weathington's door and stated that he and the other officers treated Weathington as they did because Weathington had been showing off for other inmates.

After the alleged assault against him, Weathington was written a Rule Violation Report ("RVR") for assaulting an officer during the above-recounted events. He asserts that he was not

given a copy of the RVR, and that officers lied and said he had refused the copy. Weathington obtained witness statements, which he presented at his disciplinary hearing. According to him, the hearing officer refused to consider the statements and found him guilty of an allegedly false charge. As punishment, Weathington spent 20 days in isolation and lost 18 months of canteen and visitation privileges.

On February 13, 2017, Weathington filed the instant lawsuit alleging that Defendants subjected him to excessive force, failed to intervene and protect him from excessive force, failed to ensure that incidents were video recorded at MSP, and violated his due process rights with regard to his disciplinary charge. Named as Defendants in this suit are: Officer Donovan Clark, Officer Jonathan Brewer, Officer Jeremy Page, Officer John Doe #1, Officer John Doe #2, Officer John Doe #3, Officer John Doe #4, Warden Timothy Morris, Case Manager Jacwanna L. Robinson, and Shaniqua Gibbs.

## II. Failure to Intervene

Weathington claims that Defendants John Doe #3, Jacwanna L. Robinson, and Shaniqua Gibbs are constitutionally liable for failing to intervene to stop the use of excessive force against him. A defendant may face liability under § 1983 for failing to intervene if he is present at the scene, saw excessive force being used, was in a position to realistically prevent the force, had time to prevent it, and failed to do so. *Spencer v. Rau*, 542 F. Supp. 2d 583, 595 (W.D. Tex. 2007) (citing *Davis v. Rennie*, 264 F.3d 86, 97-98 (1st Cir. 2001)).

Weathington claims that John Doe #3, the female correctional officer in the control tower when the incident occurred, failed to protect him. At his *Spears* hearing, however, he stated that he did not see her exit the control tower and assumes that she could have, and did not, intervene.

3

This allegation fails to identify any facts that would allow a finding of liability against her under prevailing legal standards, and therefore, she will be dismissed from this action.

Similarly, Weathington complains only that his case manager, Jacwanna Robinson, instructed the officers that they would get into trouble if they did not cease the alleged assault on Weathington. Weathington does not allege that Robinson participated in the attack, nor that she could have acted to prevent or stop it. Rather, he claims that he was in and out of consciousness during the alleged attack, and only remembers this one statement Robinson made to the officers. Robinson's presence at the incident is insufficient to state a cause of action against her, and she will be dismissed.

At his *Spears* hearing, Weathington stated that Defendant Shaniqua Gibbs wrote an incident report stating that Weathington had assaulted an officer. Therefore, he assumes that she was present at the scene of the incident and is, presumably, somehow involved in the alleged attack against him. These allegations are insufficient to state a claim against Gibbs, and Gibbs is entitled to be dismissed.

### III.  Failure to Protect

Weathington asserts that Timothy Morris failed to protect him from harm at the hands of his officers. Specifically, he claims that Warden Morris is liable in this action as he did not require his officers to wear body cameras, which are supposed to be used in any calculated use of force incidents.

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33(1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of

serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Id*. at 834; *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted). Neither negligence nor dereliction of duty can be the basis of a failure-to-protect claim. *See Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003); *see also Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

Weathington does not claim that Morris had any personal involvement in the events that caused his alleged constitutional injury. Rather, Morris is named as a defendant because he is a supervisory official. However, Warden Morris cannot be held liable for the actions of his subordinates absent some action or inaction by him that constituted deliberate indifference, as supervisory officials are responsible only for their own lawlessness. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002) (holding § 1983 does not "create supervisory or *respondeat superior* liability"); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential elements of a civil rights cause of action."). Weathington does not allege that Morris' failure to enforce the rules regarding body cameras was predicated on deliberate indifference. Therefore, Warden Morris will be dismissed from this action.

### IV. Due Process

Weathington claims that he was written an allegedly false RVR, improperly denied privileges, and prevented from presenting evidence at his disciplinary hearing. These allegations require the Court to consider whether Weathington's due process rights were violated with regard to the disciplinary action taken against him.

5

In order to establish a due process violation, a prisoner must establish that he has been denied a protected interest by the challenged prison action. *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Generally, protected liberty interests are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless impose[] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

An inmate does not have a constitutional right to be free from being charged with a disciplinary infraction, even if the report of the offense is untrue. *See, e.g., Brown v. LeBlanc*, No. 09-1477-P, 2013 WL 1947180, at *6 (W.D. La. Mar. 27, 2013), *report and recommendation adopted*, No. 09-1477-P, 2013 WL 1947175 (W.D. La. May 9, 2013) (collecting cases). Accordingly, Weathington's allegation that the RVR was false fails to state a constitutional claim.

Moreover, neither Weathington's allegation that he did not receive a copy of the RVR, nor his claim that the disciplinary officer refused to consider his witness statements state a viable claim. In this case, Weathington was charged with a disciplinary offense and found guilty of the offense. Due process only requires "some evidence" to support a disciplinary hearing finding, not absolute proof. See *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985) (holding procedural due process requires only some evidence to support findings made in disciplinary hearing). This conclusion is not altered an allegation that Defendants failed to follow policy by providing him with a copy of his RVR, as a mere failure to follow prison policy does not raise a constitutional issue. *See, e.g., Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow the prison's own policies, procedures or

regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"). Therefore, neither the fact that Weathington's version of the incident was not accepted, nor that he did not receive a copy of the RVR, is sufficient to state a due process claim.

Additionally, an inmate's protected "interests are generally limited to ... regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Here, as punishment for the RVR, Weathington spent 20 days in isolation and lost visitation and canteen privileges for 18 months. Neither a 20-day period of isolation nor a 6-month restriction in privileges is severe enough to trigger due process protections. *See Pickens v. Minton*, 109 F. App'x 655, 656 (5th Cir. 2004) (holding 20 days in isolation insufficient to trigger protections associated with due process); *see also Cline v. Vasquez*, No. 1:13CV27, 2014 WL 5363885, at *2 (E.D. Tex. Oct. 21, 2014) (holding petitioner's claims concerning disciplinary segregation and the loss of email, phone and visitation privileges for 180 days do not implicate due process concerns); *Frechou v. King*, No. 1:13-CV-549-KS-MTP, 2014 WL 172079, at *2 (S.D. Miss. Jan. 15, 2014) (holding plaintiff did assert cognizable constitutional violation by losing prison privileges for 180 days). Therefore, Weathington has failed to state a viable due process claim.

## V. Excessive Force

"[I]nmates have a constitutional right to be free from the use of excessive force." *Anthony v. Martinez*, 185 F. App'x 360, 363 (5th Cir. 2006) (citing *Hudson v. McMillian*, 503 U.S. 1, 5-10 (1992)). A prisoner can sustain a claim for excessive force only by showing that he suffered an injury that, while not necessarily significant, was more than *de minimis*, and that the injury resulted from the use of force that the force was not applied in a good-faith effort to

maintain or restore discipline, but rather, was applied maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 6, 10; *Gomez v. Chandler*, 163 F.3d 921, 923–24 (5th Cir. 1999).

Here, Weathington has alleged that Defendants Donovan Clark, Jonathan Brewer, Jeremy Page, John Doe #1, John Doe #2, and John Doe #4, beat, kicked, and slapped him while he was restrained and/or otherwise incapacitated. Assuming his allegations as true for purposes of this Order, the Court finds Weathington has stated a claim against these Defendants, and that process should issue against them.

### VI. Conclusion

For the reasons as set forth above, the Court **ORDERS**:

1. That Defendants John Doe #3, Timothy Morris, Jacwanna L. Robinson, and Shaniqua Gibbs be **DISMISSED** from this action with prejudice.

2. That Weathington's due process, failure to intervene, and failure to protect claims be **DISMISSED**.

3. That Weathington's claim of excessive force **PROCEED** against Defendants Clark, Brewer, Page, John Doe #1, John Doe #2, and John Doe #4.

**SO ORDERED** this the 7th day of March, 2018.

s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE